Good Fellowship B. & L. Assn., Appellant, *v.* Crown B. & L. Assn. et al.

Argued October 14, 1930.

Before
Trexler, P. J., Keller, Linn, Gawthrop, Cunning-
ham, Baldrige and Whitmore, JJ.

*J. Warren Brock,* and with him *Edmonds, Ober-
mayer and Rebmann,* for appellant.

*Joseph B. Englander* of *Englander, Cohen & Korn,*
for appellee.

Opinion by Gawthrop, J., December 27, 1930:

Plaintiff sued the Crown Building and Loan Asso-
ciation for the withdrawal value of fifteen shares of
the latter's stock which originally stood in the name
of Albert Steinberg, and were assigned by him to
plaintiff in connection with a transaction which is cor-
rectly described in the following statement in the
opinion of the court below:

"Steinberg owned No. 5348 Woodland Avenue
(Philadelphia) and was selling it to one Altman. Stein-

berg agreed with Altman to secure the latter a second mortgage of $3,000 upon the property; and applied in Altman's behalf to the plaintiff association for a mortgage loan to Altman in that amount.

Plaintiff's loan committee, after an examination of the property, approved the loan on two conditions: first, that Altman would take out twenty shares of plaintiff's stock and assign it as additional collateral; and second, that he would furnish additional security to the amount of $500. Steinberg was the owner of fifteen shares of the defendant association's stock, which was then worth $500. He assigned this, and it was accepted, as the additional security to the Altman loan. The assignment was in writing and contained the following condition: 'This stock to be released at the end of two years from date.' (December 19, 1923.)

The purpose of the assignment and the reason for the condition were to secure the lender to the extent of the $500 additional security, required by the committee, until the twenty shares of plaintiff association stock, assigned by Altman, should by payment upon them, become worth $500. The end of obtaining at once $500 additional security would be served by Steinberg's temporary assignment of his own fifteen shares (which were then worth $500), during the two years. Afterwards Altman's stock, by lapse of time and payments on account, would supply the security, and Steinberg's stock would not be needed.

Before consummating the loan plaintiff secured from the defendant association's secretary a written statement that 'Albert Steinberg is the present owner of fifteen shares which are free and have a value of $500.' To which the secretary added, over his signature, 'The above shares have this day been transferred to Good Fellowship Building and Loan Association.' ·

(December 19, 1923.) On receipt of these certificates, plaintiff made the loan to Altman.''

Steinberg intervened as a party defendant and filed an affidavit of defense. By agreement of counsel, the original defendant was not required to file an affidavit of defense. The trial resulted in a directed verdict for plaintiff against the original defendant and for the defendant Steinberg. Subsequently the court entered judgment for the original defendant notwithstanding the verdict. Plaintiff appeals.

Appellant's brief and oral argument failed to convince us that there is any merit in the appeal. Plaintiff sued as the owner of the stock claiming the right, as a stockholder of the defendant association, to the withdrawal value of the stock. Whatever ownership or right it had in the stock was by virtue of the assignment by Steinberg, by the terms of which the stock was to be released at the expiration of two years. Manifestly plaintiff held this stock merely as collateral security to indemnify it against loss arising on Altman's mortgage through his failure to keep up the payments on his stock during the two year period. The condition under which the collateral was held having been satisfied by Altman's making all the payments due on his stock for the two year period, plaintiff's rights in the collateral were extinguished. Therefore, it was not entitled to recover in this action.

The record discloses, however, that the defendant association did not present a request for binding instructions at the trial. Therefore, it had no right to move for judgment n. o. v. (Peterson v. Coles, 81 Pa. Superior Ct. 277.) And the court below had no power to enter such a judgment. Doubtless the court's attention was not called to the condition of the record. But the result is that we are compelled to reverse the judgment as against the original defendant and order a new trial as to it. It is so ordered.